United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas 75242
(214) 767-1075

Erin Marie Schmidt,
for the United States Trustee
Erin.Schmidt2@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-70053-SWE-11 |
| **HOLLIDAY ROAD BURGERS, LLC,** | § | |
| d/b/a Gene's Tasty Burger, | § | (Subchapter 5) |
| | § | CHAPTER 11 |
| | § | |
| Debtor. | § | Hearing Date: April 13, 2023 |
| | § | Hearing Time: 9:00 am CT |
| | § | |

**United States Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b)**

TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for Region 6 ("United States Trustee"), moves to dismiss the above-referenced Debtor under 11 U.S.C. § 1112(b). The United States Trustee would respectfully show:

**Summary**

The Debtor, which operates a Wichita Falls burger diner called Gene's Tasty Burgers, confirmed a plan of reorganization on August 24, 2022. The Debtor is delinquent on plan payments including those owed to the Subchapter V Trustee on her allowed fees and the Texas Comptroller of Public Accounts.   Cause exists for dismissal.

### Jurisdiction

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a)(1), and the standing order of reference. Dismissal or conversion under 11 U.S.C. § 1112(b) impacts the case administration and therefore is a core matter that the Court has the power to resolve. 28 U.S.C. § 157(b)(2)(A).

### Facts

General background

1. On April 4, 2022, (the "Petition Date"), Holliday Road Burgers, LLC ("Debtor") filed its voluntary chapter 11 petitions in the United States Bankruptcy Court for the Northern District of Texas, Case No. 22-70053-SWE-11(V).

2. On April 7, 2022, the United States Trustee appointed Katharine Clark as the subchapter V trustee ("Trustee"). [docket no. 15].

3. The Debtor owns and operates a Wichita Falls burger joint called "Gene's Tasty Burgers."

4. The Debtor's petition, schedules, and statement of financial affairs ("SOFA") were signed under penalty of perjury by general manager and 100% owner Diane Clay.

5. Ms. Clay's husband Richard "Dick" R. Clay runs the Debtor's day-to-day operations.

Assets and liabilities

6. The Debtor averred on amended Schedules A/B that it owned real property valued at $60,000.00 and personal property valued at $8,500.00. [docket no. 37].

7. The Debtor averred on amended Schedules D and E/F that it owed $443,000.00 in secured claims, $24,000.00 in priority unsecured claims, and $1,300.37 in nonpriority unsecured claims. *Id.* [docket no. 19].

8. Six creditors filed proofs of claim totaling $504,663.39.

9. Of these proofs of claim, $212,971.03 are secured and $23,580.24 are priority unsecured claims.

Confirmation

10. On August 24, 2022, the Court confirmed the Debtor's amended plan of reorganization. [docket no. 53].

11. The amended plan was consensual.

12. The Amended Plan provided for the following treatment of creditors and interest holders:

13. The Debtor would pay all allowed administrative professional and subchapter V trustee claims ("Class 1") in full upon entry of the Court's orders permitting the same.

14. The Debtor would pay allowed priority tax creditor claims ("Class 2") in full in 54 monthly payments commencing on the effective date at 12% interest per annum.

15. The Debtor would make monthly payments to secured creditor First Bank ("Class 3") at 6% interest per annum starting September 1, 2022.

16. Starting 30 days after the effective date, the Debtor would contribute $500 each month into an unsecured creditors' pool and make pro rata distributions to general unsecured creditors ("Class 4") every 90 days thereafter.

17. The amended plan went effective on September 23, 2022, which was 30 days after confirmation.

Trustee requests status conference

18. On January 25, 2023, Trustee filed her *Report and Request for Status Conference.* [docket no. 69].

19. The Trustee reported that the Debtor had not paid her compensation of $5,972.50 in fees and $22.50 in expenses, which the Court allowed on November 14, 2022. [docket no. 66].

20. Class 2 creditor Texas Comptroller of Public Accounts filed a response indicating that while the Debtor "made payment on" its $2,674.25 administrative claim[1] on November 2, 2022, the Debtor subsequently stopped payment. [docket no. 73].

21. The Texas Comptroller also reports that the Debtor has not paid any sales taxes since confirmation and that it has accrued post-confirmation sales taxes of approximately $10,000.00 for the period June 2022 through December 2022.

22. At a February 16, 2023, status conference, Mr. Clay represented to the Court that while he was making payments to secured creditor First Bank, he has not been able to pay sales, personal property, or real property taxes.

23. On March 6, 2023, the Trustee informed the United States Trustee's representative that the Debtor has paid her $100.00 to date.

The United States Trustee waives the 30 day hearing requirement

24. The United States Trustee waives his right to have his Motion heard with 30 days of its filing. *See* 11 U.S.C. § 1112(b)(3).

**Argument**

Overview

25. Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot covert a case to chapter 7

---

[1] The Texas Comptroller filed POC 5-3, which reflects $2,674.75 in unpaid post-petition pre-confirmation sales taxes and interest.

if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. *Id.* § 1112(c).

26. Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

<u>Debtor has materially defaulted with respect to a confirmed plan</u>

27. The Court may dismiss a chapter 11 case if the Debtor has materially defaulted with respect to a confirmed plan of reorganization. 11 U.S.C. § 1112(b)(4)(N). The Debtor was to pay in full allowed Class 1 administrative claims. To date, the Debtor has not paid the Trustee her allowed fees and expenses. Nor has the Debtor paid the Texas Comptroller any portion of its allowed Class 2 pre-petition claim.

28. It is unknown whether the Debtor has made any other plan payments to date.

29. In addition, the Debtor has not paid its post-petition sales taxes, which constitutes additional cause for dismissal under 11 U.S.C. § 1112(b)(4)(I).

<u>Dismissal, not conversion, in the best interests of creditors and the estate</u>

30. Given that the Debtor's assets are worth a fraction of the allowed secured claims, dismissal would be in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1).

### **Conclusion**

The United States Trustee respectfully requests that the Court dismiss this Debtor's case. The United States Trustee further respectfully requests that the Court grant any other relief to which he might be entitled.

DATED: March 8, 2023    Respectfully submitted,

        WILLIAM T. NEARY
        UNITED STATES TRUSTEE

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt
Trial Attorney
Texas State Bar No. 24033042
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas  75242
(214) 767-1075
Erin.Schmidt2@usdoj.gov

**Certificate of Service**

    I certify that on March 8, 2023, this document was served on all parties entitled to receive ECF notice in this case.

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt